IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

**DENEEN PITTS,**

    **PLAINTIFF,**

v.                                                              3:13-cv-00181-TCB

**CAPITAL ONE AUTO FINANCE,**

    **DEFENDANT.**

## PROTECTIVE ORDER

Upon the Unopposed Motion of Defendant Capital One Auto Finance, a division of Capital One, N.A., the Court hereby enters the following Protective Order:

1. Discovery in this case may require the disclosure of confidential, private, personal, and/or proprietary information.

2. Where a Producing Party believes that it will be required to disclose such information as part of discovery, the Producing Party may designate such material as "Confidential Material" under this Order.

3. Designation of "Confidential Material" may be made by stamping or otherwise marking the materials with the word "Confidential."  Alternatively, an entire document, file or thing may be designated as "Confidential Material" by the

20654871 v1

Producing Party by: (1) stamping or otherwise marking the first or cover page of a multi-page document or a file folder containing multiple documents, (2) labeling a tape, disk and/or compact disk, in each instance in a manner reasonably calculated to call to the attention of other Parties the nature and scope of the designation, or (3) letter advising all other Parties of those documents (identified by Bates-number ranges if possible) which the Producing Party is designating as "Confidential Material."

      4.    If a Producing Party inadvertently fails to stamp or mark certain documents as "Confidential" upon their production, it may later designate such documents as "Confidential Material" by giving written notice to all Parties that the material is to be so designated, describing the document(s) by Bates-number if possible. Likewise, a Producing Party may designate any other documents that it has already produced as "Confidential Material" by giving written notice to all Parties that the material is to be so designated, describing the document(s) by Bates-number if possible. Upon such notice, all Parties who have received the designated material shall then stamp or otherwise mark their copies of the designated material as "Confidential Material" in the manner described in paragraph 3 above.

      5.    "Confidential Material," and information derived from or contained in "Confidential Material," shall be used only as reasonably necessary for preparation

and trial of this action, including any appeal or re-trial, and shall not be used for any other purpose, including, without limitation, any other litigation or proceeding or any business, competitive, or governmental purpose or function, and shall not be disclosed in any public manner, including in the contents of pleadings, motions, or other submissions filed in this action, with the exception of filings made under seal in accordance paragraph 12 of the Court's Instructions to Parties and Counsel (Doc. 4).

6. "Confidential Material" may be disclosed only to the following persons, and they need not sign the certificate that is attached as "Exhibit A":

(a) The Parties themselves;

(b) Counsel of record for any Party and any paralegal, stenographic, clerical, and/or secretarial personnel employed by counsel;

(c) Court personnel for the United States District Court for the Northern District of Georgia, or any other court exercising jurisdiction over this matter; and

(d) Any third-party consultant (including without limitation any imaging or other litigation-support vendor) or expert retained and/or consulted in connection with this action.

7. "Confidential Material" may also be shown or disclosed to witnesses or prospective witnesses at or in preparation for deposition or trial who are persons

3

other than those authorized to receive such material by the terms of paragraph 6 of this Order, but only as necessary to their testimony or anticipated testimony, provided that such witnesses or prospective witnesses shall first sign the certificate attached as "Exhibit A" in the manner set forth in paragraph 8 below.

8. Each individual, other than those identified in paragraphs 6(a) - (d) above, to whom "Confidential Material" is furnished, shown, or disclosed, shall, prior to the time s/he receives access to such materials, be provided by counsel furnishing the individual such material a copy of this Order and shall agree to be bound by its terms, and shall certify that s/he has carefully read the Order and fully understands its terms, by signing the certificate attached as "Exhibit A."  Such person also must consent to be subject to the personal jurisdiction of this Court with respect to any proceeding relating to enforcement of this Order.  Counsel making disclosure to any person as described herein above shall retain the original executed copy of said certificate until final termination of this litigation, and shall provide the Producing Party with a signed copy of "Exhibit A" upon request.

9. The placing of any confidentiality designation or a production identification number on the face of a document produced shall have no effect on the authenticity or admissibility of that document at trial.

10. The list of persons to whom "Confidential Material" may be disclosed may be expanded by mutual written consent of counsel of record.  Any Party may

propose such an expansion by serving a letter on all counsel in this case and counsel for the Producing Party specifically identifying, and describing the role and function of, the person(s) intended to be added to the list. If counsel for any Party objects to any proposed expansion within ten (10) days after receipt of the letter from the Proposing Party, no "Confidential Material" may be disclosed to any person(s) intended to be added to the list.

11. Nothing in this Order shall be construed to limit in any way the ability of the Producing Party to use or disclose "Confidential Material" in the possession of such Producing Party and designated as "Confidential Material" by such Producing Party in any manner whatsoever.

12. The foregoing is without prejudice to the right of any Party: (a) to apply to the Court for a further protective order relating to any "Confidential Material" or relating to any discovery in this litigation; (b) to object to the production of documents it considers not subject to discovery; or (c) to apply to the Court for any order compelling production of documents or modification of this Order or for any order permitting disclosure of "Confidential Material" beyond the terms of this Order.

13. If "Confidential Material" is disclosed at a deposition, only the court reporter and those persons who are authorized by the terms of this Order to receive

such material may be present. All transcripts of such depositions, and exhibits thereto, shall, in their entirety, be treated as "Confidential Material."

14. Should any Party to whom "Confidential Material" is disclosed object to the classification of such materials, and the objection cannot be resolved informally, then the objecting Party may move for an Order determining that the materials were not properly designated. Until the Court rules to the contrary, all materials designated as "Confidential Material" shall be treated as prescribed in this Order.

15. If any Party or other person who has obtained "Confidential Material" under the terms of this Order receives a subpoena or other legal process commanding the production of any such documents or information ("subpoena"), such Party or other person shall, within five (5) business days, provide written notice of the subpoena to counsel for the Producing Party or other person who originally designated the information or documents as "Confidential Material." The Party or other person receiving the subpoena shall not produce any "Confidential Material" in response to the subpoena without either (i) the prior written consent of the Producing Party or other person who originally designated the information or documents as "Confidential Material" or (ii) an order of a court of competent jurisdiction. Where the Party or other person receiving the subpoena provides notice of the subpoena in the manner described above, the Producing

Party or other person who originally designated the information or documents as "Confidential Material" shall have the burden of seeking a court order relieving the subpoenaed Party or other person of the obligations of the subpoena prior to the return date of such subpoena.

16.   The provision of this Order shall not terminate at the conclusion of this action.  Within thirty (30) days of the conclusion of the trial and of any appeals, or upon other termination of this litigation, all documents and copies thereof, including, without limitation, all "Confidential Material" received under the provisions of this Order, and all documents containing or describing "Confidential Material" other than trial transcripts and trial exhibits admitted into evidence and declarations executed pursuant to paragraphs 7 or 8 hereto shall, at the option of the Producing Party or other person, either be returned to the Producing Party or other person or destroyed; provided, however, that privileged documents or work-product need not be returned but instead shall be destroyed. All Parties or other persons who received "Confidential Material" shall certify compliance with this section in writing at the request of the Producing Party.

17.   In the event anyone shall violate or threaten to violate any terms of this Order, the aggrieved Party may seek damages and injunctive relief, and it shall not be a defense thereto that the aggrieved Party possesses an adequate remedy at law.

20654871 v1

18. Nothing in this Order shall provide the basis for any assertion that confidentiality protection should or should not extend to documents used as exhibits at a trial in this action. In accordance with this Court's Instructions to Parties and Counsel (Doc. 4), a party who seeks to introduce "Confidential Material" at a hearing or during trial shall orally advise the Court at the time of introduction that the documents, tangible things or information sought to be introduced are protected. The Court will review the protected documents, tangible things or information in camera, and make an oral ruling. The Clerk will file any such documents or tangible things under seal.

19. Notwithstanding the above paragraphs, any documents (including briefs), tangible things or information designated as Confidential that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only by order of the Court in accordance with the procedures outlined in paragraph 12 of the Court's Instructions to Parties and Counsel (Doc. 4).

20. The terms "Party" and "Parties" as used in this Order refer to the current parties to this action as well as any parties who may later be added to or join this action. The terms of this Order shall apply automatically to any such later added or joined parties, and shall also apply to any person having actual or constructive knowledge of this Order. The terms "Producing Party" and

"Producing Parties" shall refer not only to the Parties, but also to any non-party that produces documents in the action.

21. "Confidential Material" shall not be copied or reproduced for use in this action except to the extent that such copying or reproduction is reasonably necessary to the conduct of this action, and all such copies or reproduction shall be subject to the terms of this Order.  If the duplicating process by which copies or reproductions of "Confidential Material" are made does not preserve the confidentiality designation that appears on the original documents, all such copies or reproductions shall be stamped as appropriate.

22. Except as otherwise provided in this Order, the provisions of this Order may be modified only by Order of the Court.  Any Party or third-party is free to request such modification.

DONE and ORDERED this 14th day of April, 2014.

_____
District Judge

# EXHIBIT A

## AGREEMENT TO BE BOUND BY THE PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS

I hereby acknowledge that I have received and read a copy of the Protective Order ("Order") entered in *Deneen Pitts v. Capital One Auto Finance*, in the United States District Court for the Northern District of Georgia, Civil Action No. 3:13-cv-00181-TCB; that I understand the provisions in the Order prohibiting the disclosure, exploitation, or use of "Confidential Material" for any purpose or in any manner not connected with the prosecution or defense of that matter; that I agree to be bound by all provisions of the Order; that, for purposes of enforcing this Order, I submit to the jurisdiction of the Court; and that I understand that sanctions may be imposed by the Court if I fail to abide by and comply with all the terms, conditions and restrictions imposed by the Order.

I declare under penalty of perjury that all statements of fact in the foregoing Agreement above are true and correct.

Executed this ___ day of _____, _____.

By: _____

PRINT NAME: _____

20654871 v1